831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stephen WARD, Plaintiff-Appellant,
v.
James MARTIN, Gov.; Aaron Johnson; John Patseavouras;
E.R. Sutton, Defendants-Appellees.
 No. 87-6107.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 26, 1987.
Decided Oct. 23, 1987.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (C/A No. 87-469-CRT).
 Stephen Ward, appellant pro se.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stephen Ward, a North Carolina inmate, appeals the district court decision which dismissed his complaint as frivolous. Ward's complaint alleges that "the totality of the conditions at the [C]reswell prison fall[s] beneath standards of human decency, inflict[s] wanton [and] needless pain and suffering on the plaintiff [and] creates an environment which threatens the plaintiffs [sic] mental, emotional, social [and] physical wellbeing." The district court summarized Ward's allegations as follows:
 
 
 2
 (1) The building in which the plaintiff lives is old and deteriorating. It houses twice the number of inmates for which it was designed. Because of the [overcrowding], the dormitories "are frequently filthy and dusty" and they contain triple bunks which denies the plaintiff "private space". Windows are often broken or will not close properly which subjects plaintiff to cold drafts and infestation of vermin. Also noise reaches unbearable levels at times.
 
 
 3
 (2) Ventilation within the dormitories is inadequate. There is no cooling system and the heating system does not operate properly. In the winter the temperature inside the dormitories is bearly [sic] tolerable and in the summer the temperature reaches extreme levels.
 
 
 4
 (3) Plumbing facilities are inadequate and frequently inoperable. Only three showers and toilets exist in each dormitory which exposes the plaintiff to communicable diseases.
 
 
 5
 (4) There is inadequate supervision by the prison staff which permits inmates to "prey, steal, and brutalize on other inmates". Plaintiff lives in fear of his life.
 
 
 6
 (5) Medical care is inadequate since it is dispensed only by a registered nurse and prison officers, none of whom is a medical doctor. Without medical screening the plaintiff runs a risk of contracting a communicable disease.
 
 
 7
 (6) The defendants have failed to provide to the plaintiff rehabilitative programs and work which would enable him to reduce his sentence and obtain employment following his release.
 
 
 8
 The court concluded that beyond doubt and under any arguable construction Ward failed to state a claim for which he would be entitled to relief; thus, dismissal was proper under 28 U.S.C. Sec. 1915(d). See Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979).
 
 
 9
 This Court has previously held that unsanitary living conditions, inadequate heating and ventilation, and improper plumbing facilities may give rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. See Bolding v. Holshouser, 575 F.2d 461 (4th Cir.) cert. denied, 439 U.S. 837 (1978); Kirby v. Blackledge, 530 F.2d 583 (4th Cir.1976); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir.1975). Furthermore, the failure to protect an inmate from a pervasive risk of harm may also state a violation of the Eighth Amendment. See Withers v. Levine, 615 F.2d 158 (4th Cir.), cert. denied, 449 U.S. 849 (1980); see also Shrader v. White, 761 F.2d 975 (4th Cir.1985). Ward's first four claims, which assert conditions which could amount, either singly or in combination, to a violation of the Eighth Amendment, may not be dismissed as frivolous.
 
 
 10
 Finding no error in the district court's dismissal of Ward's claims based on the absence of a medical doctor and the failure to provide rehabilitative programs, we affirm the court's dismissal of that portion of the complaint as frivolous.
 
 
 11
 Because the dispositive issues have been decided authoritatively, we dispense with oral argument, affirm the district court's judgment as to two claims and vacate the judgment and remand the case for further consideration of the remaining claims.
 
 
 12
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.